IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MANNING BROADCASTING, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> LOUIS F. MERCATANTI, JR., <br><br> *Defendant.* | Civil Action No.: 12-cv-00195 |

**MEMORANDUM**

Plaintiff Manning Broadcasting, Inc. ("Manning Co.") has sued Louis F. Mercatanti, Jr., defendant, for "breach of [] Guaranty," complaining that Mercatanti failed to pay Manning Co. a total of approximately $2.5 million, plus interest and attorneys' fees, pursuant to a personal guaranty (the "Guaranty") executed by Mercatanti on April 13, 2005.[1]  *See* Complaint (ECF 1). The Guaranty was tendered in connection with an Asset Purchase Agreement of December 2004, by which Manning Co. agreed to sell and/or assign its two radio stations in Hagerstown, Maryland to Nassau Broadcasting I, LLC ("Nassau I") and Nassau Broadcasting III, LLC ("Nassau III").  *See* Guaranty at 1.  A portion of the purchase price was to be paid in accordance with a Promissory Note (the "Note") dated April 13, 2005, and Mercatanti guaranteed payment of that Note, as he "h[eld] all of the ownership interests in" Nassau I and Nassau III.  *Id*.  In addition, the Guaranty pertained to identical ten-year employment agreements (the "Employment Agreements") between Eugene J. Manning and J. Frederick Manning (the "Mannings"), the

---

[1] Jurisdiction is founded on diversity of citizenship under 28 U.S.C. § 1332.

owners of Manning Co., and Nassau Broadcasting I, LLC and Nassau Broadcasting Partners, LP (collectively, "Nassau").[2] *Id.*

Mercatanti has filed a "Motion To Dismiss Portion Of Complaint With Prejudice," pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion," ECF 8), along with a memorandum in support ("Memo," ECF 9). He seeks dismissal of the Complaint only "insofar as it relates to the Employment Agreements…." Motion at 1. According to defendant, Manning Co.'s "cause of action [as to the Employment Agreements] is fatally flawed because it is not a party to the underlying Employment Agreements and therefore has no standing to assert a breach of those agreements." Memo at 2.[3] The Motion does not concern defendant's alleged obligations with respect to the Note. Manning has filed an opposition to the Motion ("Opposition," ECF 12), to which Mercatanti has replied ("Reply," ECF 15). The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6.

**Factual Background**

The Guaranty was executed by Mercatanti as a condition of Manning Co.'s sale to Nassau I and Nassau III of its two radio stations in Hagerstown, Maryland. As noted, defendant "h[eld] all of the ownership interests" in Nassau I and Nassau III. Guaranty at 1; *see* Complaint

---

[2] The Guaranty is appended to the Complaint as plaintiff's Exhibit A (ECF 1-1). A pending parallel case, *Manning et al. v. Mercatanti*, 11-cv-2964 (the "Parallel Case"), also involves a guaranty executed by Mercatanti on April 13, 2005. But, it is not the same as the Guaranty at issue here. In the Parallel Case, the Mannings seek payment from Mercatanti of the sums due to them under the Employment Agreements and guaranteed by defendant. I incorporate by reference here the "Factual Background" contained in the Memorandum Opinion of the Parallel Case (ECF 31), issued on August 24, 2012 (docketed August 27, 2012).

[3] Mercatanti also argues that the Complaint should "be dismissed insofar as it relates to the Employment Agreements," Motion at 1, because, in his view, the Employment Agreements "are illusory contracts which are unsupported by consideration, and therefore are not valid instruments upon which a breach of guaranty cause of action can proceed." Memo at 2. Mercatanti advanced this same contention in the Parallel Case. In the Parallel Case, I determined that the Employment Agreements are not illusory. *See* ECF 31 in the Parallel Case. I decline to reconsider the merits of that argument here.

¶¶ 19, 21, 32.  The Guaranty guarantees payment to Manning Co. pursuant to the Promissory Note dated April 13, 2005, in the original principal amount of $3,500,000, Complaint ¶ 6, executed by Nassau in favor of plaintiff, "in lieu of cash for a portion of the purchase price" for the "acquisition of the [radio s]tations' assets…." Guaranty at 1.  The Guaranty states, in part: "WHEREAS, it is a condition to Manning [Co.]'s obligation to close the transactions contemplated by the Purchase Agreement [*i.e.* the sale of the radio stations] that the Guarantor [*i.e.* Mercatanti] execute this Guaranty…of [Nassau's] obligations and covenants under the Promissory Note and the Employment Agreements (the 'Guaranteed Obligations')."

By a "First Amendment to Promissory Note," executed on August 28, 2008, the payment terms were revised.  Complaint ¶ 7.  Payment on the Note was to terminate on or about October 2, 2010.  *Id.* ¶ 8.  Thereafter, the Note was again amended, subject to the closing on a Restructuring Agreement prior to December 31, 2010.  *Id.* ¶¶ 10, 11.  Because the closing did not occur, *id.* ¶ 13, plaintiff claims that the terms of the First Amendment remained in effect.  *Id.* ¶¶ 12, 15, 16.

According to Manning Co., Nassau owes the remaining principal balance under the Note, in the amount of $1,082,812.50.  *Id.* ¶¶ 17, 18.  Manning Co. asserts that Nassau "has not paid Manning Co. the balance due under the Note." *Id.* ¶ 18.  In addition, plaintiff alleges that Nassau "has not paid the Mannings the remaining sums due under the Employment Agreements." *Id.* ¶ 28.  *See also* the Parallel Case.  And, in Paragraph 32 of the Complaint, plaintiff asserts: "Mercatanti has not paid Manning Co. any amounts [due] under the Guaranty."

Additional facts are included in the Discussion.

## Standard of Review

As noted, defendant has moved to dismiss the case pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.[4] In the posture of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court "'accept[s] as true all of the factual allegations contained in the complaint,'" and "'draw[s] all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). Notably, the court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also E.I. du Pont de Nemours & Co.*, 637 F.3d at 448.

A Rule 12(b)(6) motion implicates Fed. R. Civ. P. 8(a)(2). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 n.3 (2007) (citation omitted). To be sure, the plaintiff need not include "detailed factual allegations in order to satisfy" Rule 8(a)(2). *Id.* at 555. But, the rule demands more than bald accusations or mere speculation. *Id*. Put another way, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'..." (citation omitted)).

---

[4] A motion to dismiss for lack of standing is frequently brought under Fed. R. Civ. P. 12(b)(1). However, the gravamen of this Motion is that the allegations in the Complaint are insufficient to show that Manning Co. has a stake in the Employment Agreements, such that it can seek to enforce the Guaranty and procure payments due to the Mannings personally. The parties do not dispute that the standard of review under Rule 12(b)(6) is appropriate.

In resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S. Ct. 1740 (2010). Moreover, a motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). But, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

**Contentions**

As noted, Mercatanti argues that Manning Co. "has failed to state a claim for which relief may be granted because it lacks standing to proceed." Memo at 7. Mercatanti asserts that the Employment Agreements' "obligations are…directed toward the Manning[s], not Manning [Co.]," as any services rendered "would have been rendered solely by the Manning[s], and the compensation…would be due and paid to the Manning[s]." *Id.* at 8. In defendant's view, "the language of the Employment Agreements as well as common sense lead to the inevitable conclusion that Manning [Co.] was not an intended beneficiary of the Employment Agreements." *Id.* at 8. Thus, he insists: "Manning [Co.] is attempting to litigate on behalf of the Manning[s]. Unfortunately for Plaintiff, under Maryland law, a third party does not have standing to enforce a contract unless the contracting parties intended to confer standing upon that party." *Id.* at 7.

Manning Co. counters that it "does not understand…Mercatanti's standing argument, which assumes Manning [Co.] is suing on the Employment Agreements despite it being plain that Manning [Co.] is suing on the Guaranty." Opposition at 3 n.3. Plaintiff asserts: "On its

5

face, the Guaranty…shows that (i) it was issued by Mercatanti, (ii) in favor of Manning [Co.], and (iii) guarantees payment of the Employment Agreements." *Id.* at 3. It concludes: "Because the Guaranty is expressly in favor of Manning [Co.], Mercatanti's argument that Manning [Co.] lacks standing lacks merit.[]" *Id*.

Mercatanti responds that "Plaintiff's status as a non-party to the Employment Agreements is fatal to its breach of Guaranty action." Reply at 2. He asserts that, "regardless of the fact that Plaintiff is a party to the Guaranty at issue in this case, it lacks standing to enforce the purported obligations under the Employment Agreements" because it is not a party to them. *Id*. Put another way, defendant argues that Manning Co. cannot sue to enforce the Employment Agreements, as it is not a party to them, and the Guaranty cannot create rights in Manning Co. that are not available to it based on the terms of the underlying obligations (*i.e.*, the Employment Agreements), which are the subject of the Guaranty. In support of this assertion, defendant proffers only that "under Maryland law a guaranty cannot exist without a reference to the obligation that it secures." *Id.* (citing *McGinley v. Massey,* 71 Md. App. 352, 361, 525 A.2d 1076, 1080 (1987)). Therefore, defendant urges dismissal of a portion of the case.

## Discussion

As noted, defendant executed the Guaranty on April 13, 2005, in connection with the sale of two radio stations from Manning Co. to Nassau I and Nassau III. It was a condition of the sale of the radio stations that Mercatanti personally guarantee both the Note executed by Nassau, which is payable to Manning Co., and the Employment Agreements between the Mannings and Nassau. Guaranty at 1.

The Guaranty expressly states that it "is issued ...in favor of Manning Broadcasting, Inc. ('Manning [Co.]')." *Id.* at 1. Pursuant to the Guaranty, Mercatanti, as guarantor, "guarantee[d]

to Manning [Co.] the full and prompt payment of the Guaranteed Obligations," *i.e.* payment under the Note as well as the Mannings' Employment Agreements. *Id*. On its face, then, there is no merit to defendant's claim that plaintiff lacks standing to bring suit.

Further, the fourth "Whereas Clause" of the Guaranty indicates that the Guaranty was executed as security for the repayment of Nassau's obligations to Manning Co. under the Note, as well as the Employment Agreements. It states, in part, *id.*:

> WHEREAS, it is a condition to Manning [Co.]'s obligation to close the transactions contemplated by the Purchase Agreement that the Guarantor execute this Guaranty guaranteeing the payment and performance by Nassau and its parent company, NBPLP, of the obligations and covenants under the Promissory Note and the Employment Agreements (the "Guaranteed Obligations").

With respect to the defense's argument that a guaranty cannot be "enforceable separately from" the underlying guaranteed obligation, Mercatanti has cited *McGinley, supra,* in which the Maryland Court of Special Appeals said that a "promise of guaranty…cannot exist without reference to the obligation that it secures." 71 Md. App. at 361, 525 A.2d at 1080. Although Mercatanti quotes this passage in his Reply, at 2, he omits the remainder of the passage, which states: "When the principal obligation is *illegal* and therefore unenforceable, 'enforcement [of the guaranty] would, in large measure, defeat the intention of the legislature or the policy of the law which declared the [principal] obligation illegal.'" 71 Md. App. at 361, 525 A.2d at 1080 (emphasis added) (citation omitted). Because the principal obligation at issue in *McGinley* "was illegal," the Court determined that "the guaranty securing that agreement, even if viewed as a separate transaction, is not separately enforceable." *Id*.

In my view, *McGinley* is inapposite. The Employment Agreements are not illegal or void *ab initio*. Although Manning Co. is not a party to the Employment Agreements, it is a party to the transaction that spawned them, involving the sale of two radio stations, businesses in which

the Mannings were involved. And, as defendant concedes, Manning Co. clearly is "a party to the Guaranty," which is the subject of this suit. *See* Reply at 2; *see also* Guaranty at 1 ("[T]he Guarantor hereby guarantees to *Manning [Co.]* the full and prompt payment of the Guaranteed Obligations.") (emphasis added). Mercatanti has not cited other authority for the proposition that Manning Co. is not entitled to enforce the Guaranty as it relates to the Employment Agreements, because it is not a party to those agreements, even though it is the beneficiary of, and a party to, the Guaranty itself. Indeed, the parties each devote less than a page to that issue in their briefs, focusing instead on the matter of enforceability of the Employment Agreements, a contention I addressed in the Parallel Case.

With respect to the Employment Agreements, Manning Co. seeks, in part, the same relief as the Mannings seek in the Parallel Case: "$1,472,000, plus all interest and other charges due under the Employment Agreements through the date of full satisfaction of the judgment, pursuant to the terms of the Guaranty." Complaint at 7. To be sure, Manning Co.'s claim to recover sums due to the Mannings appears wholly duplicative of the Parallel Case. But, Manning Co. and the Mannings are not entitled to a double recovery from defendant.

For the reasons set forth above, defendant's motion to dismiss (ECF 8) shall be DENIED. An Order follows.

Date: August 27, 2012                                    /s/
                                                   Ellen Lipton Hollander
                                                   United States District Judge

8