IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MANNING BROADCASTING, INC., *Plaintiff,* | |
| v. | Civil Action No.: 12-cv-00195 |
| LOUIS F. MERCATANTI, JR., *Defendant.* | |

**MEMORANDUM OPINION**

Plaintiff Manning Broadcasting, Inc. ("Manning Co.") sued Louis F. Mercatanti, Jr., for "breach of [] Guaranty," complaining that Mercatanti failed to pay Manning Co. pursuant to a personal guaranty (the "Guaranty," ECF 1-1) executed by Mercatanti on April 13, 2005.[1]  *See* Complaint (ECF 1).[2]  The Guaranty pertained, *inter alia*, to an Asset Purchase Agreement of December 2004, by which Manning Co. agreed to sell and/or assign to Nassau Broadcasting I, LLC ("Nassau I") and Nassau Broadcasting III, LLC ("Nassau III," and collectively "Nassau") its two radio stations in Hagerstown, Maryland.  *See* Guaranty, ECF 1-1 at 1.  A portion of the purchase price was to be paid in accordance with a Promissory Note (the "Note") dated April 13, 2005.  *Id.*  Mercatanti guaranteed payment of that Note, as he "h[eld] all of the ownership interests in" Nassau I and Nassau III.  *Id.*[3]

---

[1] Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

[2] A related case, *Manning, et al. v. Mercatanti*, 11-cv-2964, also involved a guaranty executed by Mercatanti on April 13, 2005.  But, it is not the same as the Guaranty at issue here.

[3] The complete factual background of this case is set forth in my prior Memorandum, ECF 17, and my earlier Memorandum Opinion, ECF 26, both of which are incorporated here by reference.

On December 24, 2013, I granted partial summary judgment to Manning Co. on the issue of Mercatanti's liability on the Guaranty. ECF 26; ECF 27. In my Order, I stated, ECF 27: "If plaintiff intends to move for summary judgment on the issue of the amount due on the Note, plaintiff is directed to submit such motion within 21 days after this Order is docketed." Manning Co. did not move for summary judgment within 21 days of the Order. However, on January 13, 2014, Manning Co. submitted a Motion for Attorney Fees, ECF 28, which I granted, in part, and denied, in part. ECF 33; ECF 34. In my Order, I also directed the Clerk to close the case. ECF 34. Thereafter, on April 18, 2014, Manning Co. filed a "Motion for Leave to File Summary Judgment on Amount Due on Note." ECF 35. That motion was unopposed. ECF 35. Accordingly, on May 7, 2014, I granted the motion and directed the Clerk to re-open the case. ECF 36.

Currently pending before the Court is Manning Co.'s "Motion for Summary Judgment On The Amount Due On The Promissory Note" ("Motion," ECF 37). The Motion is supported by a Memorandum of Law ("Memo," ECF 37-1); the Declaration of J. Frederick Manning, owner and officer of Manning Co. ("Manning Declaration," ECF 37-2); and four other exhibits. Mercatanti has not opposed the Motion, and no hearing is necessary to resolve it. *See* Local Rule 105.6.

## Standard of Review

Plaintiff has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Under Rule 56(a), summary judgment is properly granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing former Fed. R. Civ. P. 56(c)). In resolving a summary judgment motion, the court must view the facts, including reasonable

inferences to be drawn from them, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

The non-moving party bears the burden of demonstrating that there are disputes of material fact so as to preclude the entry of judgment as a matter of law. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. To meet this burden, the party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.*; *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). Stated another way, "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts'" showing that there is a genuine dispute of material facts. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004); *see Celotex Corp.*, 477 U.S. at 322-24. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The "judge's function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. If "the evidence is such that a reasonable jury could return a verdict" for the non-moving party, there is a dispute of material fact that precludes summary judgment. *Id.* at 248.

## Discussion

The sole remaining issue in this case is the amount of Mercatanti's outstanding liability on the Note. Manning Co. avers that the amount due on the Note is $1,323,895.38. Memo at 1.

The Note, which is attached as Exhibit A to the Manning Declaration, originally had a principal amount of $3,500,000. *See* Note, ECF 37-3. Nassau and Manning Co. agreed to two amendments to the Note, which modified the payment terms and the principal amount due on the Note. Manning Declaration ¶¶ 5–7. The amendments are attached as Exhibits B and C to the Manning Declaration. ECF 37-4; ECF 37-5. Pursuant to the amendments and Manning Co.'s excerise of its rights thereunder, all amounts outstanding became due and payable on November 22, 2011. Manning Declaration ¶ 7. A spreadsheet detailing the payment history and outstanding amounts owed is attached as Exhibit D to the Manning Declaration. ECF 37-6. According to that spreadsheet, the outstanding principal amount is $1,082,812.50 and the accrued interest through April 14, 2014, was $241,082.88, for a combined amount of $1,323,895.38. *Id.*; *see* Manning Declaration ¶ 7.

As noted, Mercatanti has not opposed the Motion or disputed any of the calculations contained therein. As a result, no genuine dispute of material fact exists regarding the amount due on the Note. Accordingly, I will grant summary judgment to Manning Co. in the amount of $1,323,895.38.

## Conclusion

For the foregoing reasons, Manning Co.'s Motion will be granted. A separate Order, consistent with this Opinion, follows.

Date: June 4, 2014                              /s/
                                                Ellen Lipton Hollander
                                                United States District Judge